## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**CASE NO.: 6:23-cv-01479**

RAYNARD PASTEUR, individually and on behalf of all of all others similarly situated,

    Plaintiff,                                                                                      CLASS ACTION

vs.

ARC ONE PROTECTIVE SERVICES LLC, a Florida Limited Liability Company,

    Defendant.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, Raynard Pasteur, individually and on behalf of all other persons similarly situated ("Plaintiff"), and hereby sues Defendant, Arc One Protective Services LLC, a Florida limited liability company ("Defendant"), and in support, alleges the following:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) through the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* (the "FLSA"), for failing to compensate hours worked in excess of 40 hours per week at one and one-half times the regular hourly rate.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events and/or omissions giving rise to the claims herein occurred within this District and Defendant conducts substantial, continuous, and systematic commercial activities in this District.

## PARTIES

3. Plaintiff, Raynard Pasteur, is sui juris and a citizen of the state of Florida, specifically within Miami-Dade County, Florida.

4. Defendant, Arc One Protective Services LLC, is a Florida limited liability company with its principal place of business located in Orange County, Florida.

## CLASS DESCRIPTION

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Class Action Complaint is made up of the following putative class members seeking to recover unpaid overtime wages:

> Plaintiff, on behalf of himself, as well as the class representative for those who are similarly situated persons that were erroneously and/or improperly not paid for security services provided as part of their employment on behalf of Defendant at any time during the previous three (3) years prior to the filing of this Class Action Complaint (the "Unpaid Overtime Class").

## CLASS ALLEGATIONS

6. The requirements of Federal Rule of Civil Procedure 23(a) are met in this case.

7. Plaintiff, as class representative, brings this action on behalf of himself, and all other similarly situated persons, based on the Unpaid Overtime Class as described in Paragraph 5.

8. The Unpaid Overtime Class, as defined, is so numerous that joinder of all members is impracticable. While the exact number of class members is unknown to Plaintiff at this time, Plaintiff believes, in good faith, that the Unpaid Overtime Class includes over one hundred persons who have not received compensation from Defendant for hours worked in excess of 40 hours per week at one and one-half times the regular hourly rate, thereby violating the FLSA.

9. The questions of fact and law common to the Unpaid Overtime Class, as defined above, predominate over any questions affecting only individual members in this case. Specifically, the common questions include, but are not limited to the following:[1]

   a. Whether Plaintiff was employed by Defendant to provide security services;

   b. Whether Plaintiff was compensated at an hourly rate;

   c. Whether Plaintiff worked in excess of 40 hours per week; and

   d. Whether Defendant failed to compensate Plaintiff at a rate of one and one-half times the regular hourly rate for hours worked in excess of 40 hours per week.

10. Plaintiff's claims, as class representative, are typical of the claims of each member of the Unpaid Overtime Class, as defined herein.

11. Plaintiff can and will fairly and adequately represent and protect the interests of the Unpaid Overtime Class, as defined above, and has no interests that conflict with the interests of the Unpaid Overtime Class, which is because:

   a. All of the questions of law and fact regarding the liability of Defendant is common to the Unpaid Overtime Class and predominate over any individual issues that may exist, such that by prevailing on his own claims, Plaintiff will necessarily establish the liability of Defendant as to all putative class members;

   b. Without the representation provided by Plaintiff, it is unlikely that any of the putative class members would receive legal representation to obtain the remedies sought herein; and

   c. Plaintiff retained competent attorneys who are experienced in the conduct of class

---

[1] The list of common questions of law and fact is not intended to be exhaustive; by setting forth this argument, Plaintiff does not waive his right to assert additional claims against Defendant or raise additional common questions of fact.

actions. Plaintiff and his counsel have the necessary resources to litigate this class action adequately and vigorously, are aware of their fiduciary responsibility to the Unpaid Overtime Class, and are determined to diligently discharge those duties to obtain the best possible recovery for the Unpaid Overtime Class.

12. Accordingly, all putative class members have the same legal rights as Plaintiff.

13. Plaintiff seeks certification as to the Unpaid Overtime Class, as defined in Paragraph 5 above, pursuant to Rule 23(b)(1) and/or Rule 23(b)(1)(3) of the Federal Rules of Civil Procedure.

14. This class action may be maintained against Defendant under Federal Rule of Civil Procedure 23(b)(1) as prosecuting separate actions by or against individual class members would create a risk of inconsistent and/or varying adjudications.

15. This class action also may be maintained against Defendant under Federal Rule of Civil Procedure 23(b)(3) due to the questions of law or fact common to the Unpaid Overtime Class, as described above, predominate over any questions affecting only individual members, and a class action is superior to any other available methods for fairly and efficiently adjudicating the issues herein. In addition, class treatment will ensure optimal compensation for the Unpaid Overtime Class and limit each putative class member's expense and burden of individual litigation, as well as conserve judicial resources, and thus, provide an efficient vehicle for achieving unitary adjudication as to all putative class members.

16. Overall, there are no unusual difficulties likely to be encountered in the management of this matter as a class action that could not be managed by this Court, which will ensure uniformity and consistency throughout this litigation, and ultimately, deter any other similar person and/or entity from engaging in such wrongful acts in the future.

## FACTS COMMON TO ALL COUNTS

Plaintiff realleges and reavers each and every allegation contained in paragraphs 1 through 16 above as if fully set forth herein.

**A.    Plaintiff's Employment with Defendant.**

17.    Defendant is engaged in the business of providing full-service private security services. Defendant has provided such security services to Fortune 500 executives, celebrities, small business, private organizations, as well as local, state, and federal law enforcement agencies.

18.    In particular, Defendant provided full-time security services at several COVID testing sites within Miami-Dade County, Florida.

19.    Defendant entered into an agreement with Miami-Dade County, Florida, such that it will provide security services at numerous COVID testing sites, including but not limited to Tropical Park and Zoo Miami, which were the largest two (2) locations and required the most amount of security in comparison to other locations.

20.    As part of these security services, Defendant would hire security guards, such as Plaintiff, to provide these services throughout the duration of Defendant's agreement with Miami-Dade County, Florida; i.e., Defendant employed people like Plaintiff to ensure that there was 24/7 security coverage at Tropical Park and/or Zoo Miami.

21.    Plaintiff began working for Defendant on or about August 17, 2021, and was assigned to provide security services at the COVID testing sites, including but not limited to the Tropical Park and Zoo Miami locations, as well as approximately fifteen (15) to twenty (20) other locations, pursuant to Defendant's agreement with Miami-Dade County, Florida.

22.    Plaintiff's employment with Defendant ended on June 23, 2022.

23.    Plaintiff was required to use an application to record the hours he worked while at

any of the locations.

24. During such time, Plaintiff was compensated at $18.00 per hour with a schedule that required him to work 12 hours per day, 7 days per week.

25. Based on the above, Plaintiff would work over 80 hours per week, which is more than double the minimum threshold to obtain overtime compensation, which would be at a rate of $27.00 per hour for each hour Plaintiff worked in excess of 40 hours during any given week.

26. However, Plaintiff did not receive compensation based on the overtime hours that he worked while employed by Defendant.

27. Upon inquiring about why the overtime wages were not paid, Defendant deflected Plaintiff's questions, instructed him to speak with other people—these persons instructed him to speak with someone else—and ultimately, Plaintiff never obtained an answer.

28. Then, Defendant announced that it was going to terminate all of its employees because the agreement it had with Miami-Dade County, Florida concerning the COVID testing sites was coming to an end. This notice was provided two (2) weeks prior to Defendant laying off all of its employees. Defendant started terminating its employees by laying off half of the security guards based on length of employment; i.e., those who worked for Defendant the longest were retained until the end of the two-week (2-week) period.

29. After such time, Defendant terminated all of its employees and did not provide any overtime wages that were owed to any of its employees, including but not limited to Plaintiff.

30. Accordingly, Plaintiff incurred damages based on Defendant's erroneous and/or improper conduct that resulted in Plaintiff not receiving overtime compensation for the security services he provided as part of his employment with Defendant as described herein.

### B. FLSA Allegations.

31. At all times material hereto, Plaintiff was employed by Defendant to perform and/or otherwise provide security services at the numerous COVID testing sites, including but not limited to Tropical Park and Zoo Miami.

32. Plaintiff brings his claims, individually and as the class representative for the Unpaid Overtime Class, under the FLSA and seeks to certify this action as a class action to encompass all other similarly situated employees, pursuant to 29 U.S.C. § 216(b).

33. Plaintiff seeks to represent the Unpaid Overtime Class as defined above.

34. Defendant failed to pay Plaintiff, as well as all the putative class members, one and one-half times the regular hourly rate for all hours worked in excess of forty (40) per week during the relevant period.

35. As such, Plaintiff and the putative class members are entitled to proper compensation based on Defendant's unlawful acts and/or conduct herein.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (29 U.S.C. § 207)

36. Plaintiff realleges and reavers each and every allegation contained in paragraphs 1 through 34 above as if fully set forth herein.

37. Plaintiff brings this claim on behalf of himself and those similarly situated as defined within the Unpaid Overtime Class based on Defendant's violation of the FLSA, 29 U.S.C. § 201 *et seq*.

38. Upon information and belief, Defendant has an annual dollar volume of sales that exceeds $500,000.00 at all times material hereto.

39. Defendant employs and/or otherwise provides private security across multiples

states and its business operations substantially affect interstate commerce.

40. Defendant is an employer operating covered enterprises—as defined by 29 U.S.C. § 203—and is otherwise covered by and subject to the provisions of the FLSA.

41. Defendant is a statutory employer of Plaintiff and the putative class members of the Unpaid Overtime Class.

42. Defendant exercised control over Plaintiff's and the putative class members' of the Unpaid Overtime Class performance of their duties and work schedules, including but not limited to providing any necessary tools and/or materials, as well as setting the terms and/or conditions of their employment.

43. Defendant held Plaintiff and the putative class members of the Unpaid Overtime Class as employees.

44. At all times material hereto, Plaintiff and the putative class members of the Unpaid Overtime Class were employees of Defendant, as defined by 29 U.S.C. § 203.

45. Plaintiff and the putative class members of the Unpaid Overtime Class do not qualify as exempt employees under the FLSA and/or the applicable federal regulations.

46. At all times material hereto, Defendant was required to pay Plaintiff and the putative class members of the Unpaid Overtime Class at "a rate not less than one and one-half times the regular rate at which [they were] employed," for all hours worked in excess of forty (40) per work week, pursuant to 29 U.S.C. § 207.

47. However, Defendant failed to compensate Plaintiff and the putative class members of the Unpaid Overtime Class one and one-half times their regular wage for any and all hours worked in excess of forty (40) per work week throughout the duration of their employment.

48. Defendant, thus, violated 29 U.S.C. § 207 of the FLSA.

49. As a result, Defendant's conduct was unlawful, improper, and/or erroneous as to Plaintiff and the putative class members of the Unpaid Overtime Class who have suffered and continued to suffer harm, including but not limited to lost wages and/or other financial loss.

50. Therefore, Plaintiff and the putative class members of the Unpaid Overtime Class have incurred damages and are entitled to all remedies available for such violations of the FLSA, including but not limited to damages set forth in 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. The Court certify the Unpaid Overtime Class as described Paragraph 5 and maintain this matter as a class action.

b. The Court designate Plaintiff as the representative of the Unpaid Overtime Class.

c. The Court enter judgement for Plaintiff and the Unpaid Overtime Class and against Defendant with respect to Plaintiff's and the putative class members' of the Unpaid Overtime Class damages, including but not limited to actual damages, costs, prejudgment and post-judgement interest, as permitted by the FLSA, 29 U.S.C. § 201 *et seq.*, and supporting regulations.

d. The Court enter an award of all damages, including but not limited to unpaid wages and benefits, statutory damages, compensatory damages, disgorgement damages, and any other damages permitted by law or equity to Plaintiff and the putative class members of the Unpaid Overtime Class.

e. The Court enter an order in favor of Plaintiff and the putative class members of the Unpaid Overtime Class and against Defendant with respect to attorney's fees, pursuant to 29 U.S.C. § 216(b).

f.      The Court enter an order granting such other and further relief as it deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

**The Downs Law Group, P.A.**
3250 Mary Street, Suite 307
Coconut Grove, FL 33133
Tel: (305) 444-8226
Facsimile: (305) 444-6773
Jeremy D. Friedman, Esq.
Florida Bar # 134643
jfriedman@downslawgroup.com
Paul A. Hankin, Esq., LL.M.
Florida Bar # 125402
phankin@downslawgroup.com
*Attorneys for Plaintiff*

/s/ Paul A. Hankin
Paul A. Hankin
Florida Bar No. 125402