**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RAYNARD PASTEUR,**

          **Plaintiff,**

**v.**                                                        **Case No: 6:23-cv-1479-CEM-DCI**

**ARC ONE PROTECTIVE SERVICES**
**LLC,**

          **Defendant.**

---

**ORDER**

    This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion for Clerk's Default (Doc. 21)** |
| **FILED:** | **November 17, 2023** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

    Raynard Pasteur (Plaintiff) initiated this case against Arc One Protective Services, LLC (Defendant) pursuant to the Fair Labor Standards Act. Doc. 1 (the Complaint). Defendant has not responded to the Complaint and Plaintiff has filed a Motion for Clerk's Default. Doc. 21 (the Motion). Plaintiff claims to have adequately served Defendant with process through the Secretary of State of Florida. *Id*. at 2-3. The Court is not convinced.

    Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." But prior to directing the Clerk to enter default under Rule 55(a), "[a] court must first determine whether [a]

plaintiff properly effected service of process." *Chambers v. Halstead Financial Servs., LLC*, 2014 WL 3721209 (citing *United States v. Donald*, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009)).

The Court cannot make that determination because Plaintiff has not adequately briefed the issue. Instead of providing a statement of the basis for relief with an analysis to support default, Plaintiff mostly refers the Court to prior filings in this case. *Id.* For example, Plaintiff states that "Plaintiff has been unable to effectuate service related thereto" and cites to Doc. 12 which is a Notice of Filing Affidavit of Non-Service, Verified Return of Non-Service, and summons. The Court, however, will not revisit previous filings to find support for the Motion. *See Fennell v. Navient Sols., LLC*, 2019 WL 4671163, at *2 (M.D. Fla. Apr. 1, 2019) ("The Court will not refer back to previous filings to comprehend Plaintiff's position. This type of reference violates Local Rule 3.01(a).").

Further, while Plaintiff generally cites to Federal Rule of Civil Procedure 55 and briefly mentions Florida Statutes section 48.161, Plaintiff does not adequately explain why "substitute service" was the appropriate method of service in this case or if service was done in compliance with Florida law. In certain circumstances, substitute service of process may be effectuated under Florida law upon a nonresident or a party who conceals his or her whereabouts. *EHR Aviation, Inc. v. Lawson*, 2011 WL 46119, at *1 (M.D. Fla. Jan. 6, 2011) (citing Fla. Stat. §§ 48.161, 48.181).

"Because the statute allowing substituted service is an exception to the general rule requiring a defendant to be personally served, there must be strict compliance with the statutory requirements so as to protect due process guarantees." *Great Am. Assur. Co. v. Walters*, 2016 WL 9526443, at *2 (M.D. Fla. Apr. 14, 2016) (quoting *Hernandez v. State Farm Mut. Auto. Ins. Co.*, 32 So. 3d 695, 698 (Fla. Dist. Ct. App. 2010)). "'The courts have consistently observed that statutes relating to substituted service of process (in lieu of personal service of process) must be

strictly construed; and the burden of proof to sustain the validity of substituted service of process rests upon the person seeking to invoke the provisions of such statutes.'" *Hughes v. Am. Tripoli, Inc.*, 2007 WL 2071529, at *1-2 (M.D. Fla. July 17, 2007) (quoting *Elmex Corp. v. Atlantic Fed. Sav. & Loan Ass'n of Ft. Lauderdale*, 325 So.2d 58, 61 (Fla. 4th DCA 1976) (citations omitted)).

In June 2022, the Florida Legislature passed S.B. 1062 which reshaped the procedures for, and methods governing, service of process for actions pending in Florida courts. *See* Fla. S.B. 1062, 2022 Fla. Laws ch. 2022-190 (enacted June 15, 2022) (effective January 2, 2023). The updated legislation simplifies the procedures for substitute service. Section 48.181 states in relevant part:

> Any individual or foreign business entity that conceals its whereabouts is deemed to have appointed the Secretary of State as its agent on whom all process may be served, in any action or proceeding against it . . . arising out of any transaction or operation connected with or incidental to any business or business venture carried on in this state by such individual or business entity . . .. [s]ervice pursuant to this section must be effectuated in the manner prescribed by s. 48.161.

Fla. Stat. § 48.181(4)(6), *amended by* 2022 Fla. Laws ch. 2022-190, 14-15 (effective January 2, 2023).

"In addition, 'the service must strictly comply with section 48.161, which sets forth the method of substituted service of process.'" *Walters*, 2016 WL 9526443, at *2 (quoting *Hernandez*, 32 So.3d at 698). Pursuant to section 48.161:

> When an individual or a business entity conceals its whereabouts, the party seeking to effectuate service, after exercising due diligence to locate and effectuate personal service, may use substituted service [by Serving the Secretary of State] . . . in connection with any action in which the court has jurisdiction over such individual or business entity. . .. The party effectuating service is considered to have used due diligence if that party:
>
> (a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service;

(b) In seeking effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and

(c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

Fla. Stat. § 48.161(3), 4(a)-(c), *amended by* 2022 Fla. Laws ch. 2022-190, 12-14 (effective January 2, 2023).  Also, to effectuate proper substituted service of process on a defendant concealing its whereabouts under section 48.161, a plaintiff must file an affidavit of compliance within 40 days after the date of service on the Secretary of State which must set forth the facts that justify substituted service and show due diligence was exercised in attempting to locate and effectuate personal service on the party before using substituted service under this section.  Fla. Stat. § 48.161 (2).[1]

Here, Plaintiff has not demonstrated strict compliance with Florida law because Plaintiff does not even mention the statutory requirements.  Instead, the Motion is rife with conclusory and unsupported statements regarding Defendant's "efforts to evade service of process" and "knowledge of this action," and the Secretary of State of Florida's acceptance of service of process. Doc. 21 at 2, 3.  In short, Plaintiff's statement that service on Defendant was "effective" is insufficient.

Further, it appears that Plaintiff concludes that Defendant has been evasive based on a refusal of service, but Plaintiff must justify the use of substitute service by demonstrating Plaintiff "reasonably employed knowledge at [the plaintiff's] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire information

---

[1] "The party effectuating service does not need to allege in its original or amended complaint the facts required to be set forth in the affidavit of compliance."  *Id*."

necessary to enable [the plaintiff] to effect personal service on the defendant." *Verizon Trademark Services, LLC v. Producers, Inc.*, 2011 WL 3296812, at *5 (M.D. Fla. Aug. 2, 2011) (quoting *Delancy v. Tobias*, 26 So. 3d 77, 78 (Fla. 3d DCA 2010)); *see also* Fla. Stat. § 48.161(a)(b). Plaintiff does not sufficiently describe the service efforts or explain how they were adequate under the law to allow the Court to meaningfully review service and conclude that default is warranted.

Accordingly, it is **ORDERED** that:

1. the Motion (Doc. 21) is **DENIED without prejudice**; and

2. **on or before December 5, 2023**, Plaintiff may file a renewed motion for Clerk's default.  Failure to file a renewed motion within the allotted time may result in this action being dismissed without further notice for failure to prosecute.

**DONE AND ORDERED** in Orlando, Florida on November 21, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE