UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RAYNARD PASTEUR,**

      **Plaintiff,**

v.                                                                                       Case No: 6:23-cv-1479-CEM-DCI

**ARC ONE PROTECTIVE SERVICES LLC,**

      **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Plaintiff's Motion for Default Judgment (Doc. 29)
>
> **FILED:** February 23, 2024
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

### I. Background

Raynard Pasteur (Plaintiff) initiated this case against Arc One Protective Services, LLC (Defendant) individually and on behalf of similarly situated persons for violations of the Fair Labor Standards Act (FLSA). Doc. 1. Specifically, Plaintiff brings one count for unpaid overtime compensation alleging that he and the "putative class members" were not exempt employees under the FLSA. *Id*. Defendant did not respond to the Complaint and the Court subsequently granted Plaintiff's Renewed Motion for Clerk's Entry of Default. Docs. 23 to 25.

Plaintiff now moves for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). Doc. 29 (the Motion). Plaintiff, however, limits the request for default to liability because he intends to file a separate motion for class certification and claims that it is not possible at this juncture to determine damages. *Id*. at 5-7.

Even though Defendant has not filed a response in opposition, the Motion fails for two reasons. First, Plaintiff does not adequately address FLSA coverage. In order to be eligible for overtime under the FLSA, an employee must demonstrate that he or she is covered by the FLSA. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). An employee may establish coverage by demonstrating: (1) that he or she was engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage); or (2) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage). 29 U.S.C. § 207(a)(1); *Josendis*, 662 F.3d at 1298-99.

While Plaintiff recognizes he must establish coverage for purposes of default judgment, Plaintiff simply points to his allegation that Defendant has an annual dollar volume of sales in excess of $500,000.00 and is an "enterprise engaged in commerce by providing private security services across multiple states." Doc. 29 at 5. Plaintiff then summarily concludes that the well-pled allegations establish a violation of the overtime provisions of the FLSA. *Id*. Perhaps an assertion that Defendant provides private security "across multiple states" is sufficient to plead FLSA coverage but Plaintiff has not briefed the issue. The mere recitation of some of the allegations in the Complaint does not set forth a legal basis for default judgment. Accordingly, the Motion is due to be denied. *See United States ex. rel. Phoenix Metals Co. v. Worthfab, LLC*, 2020 U.S. Dist. LEXIS 118796, at *2 (M.D. Fla. July 7, 2020) (denying without prejudice a motion for default judgment because the plaintiff did not discuss the elements for each claim,

provide citations to authority as to these elements, and support each element by pinpoint citation to the factual allegations in the complaint); *Gonopolsky v. Korchak*, 2007 WL 1549429, at *2 (May 25, 2007) (finding that a motion for default judgment was insufficient because there was "no discussion of the elements of each cause of action and *how* the allegations of the complaint, taken as true, satisfy the elements.") (emphasis added).

And looking beyond the threadbare Motion, the Court has concerns as to whether FLSA coverage exists. Plaintiff alleges that Defendant is an employer operating covered enterprises and "employs and/or otherwise provides private security across multiple states and its business operations substantially affect interstate commerce." Doc. 1 at 7-8. As such, it appears that Plaintiff relies on enterprise coverage. *See also*, Doc. 29 at 5. To demonstrate enterprise coverage, the employee must show that:

> (1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
> (2) the employer's annual gross volume of sales is $500,000 or more.

*De Lotta v. Dezenzo's Italian Rest., Inc.*, 2009 WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009) (citations omitted); *see* 29 U.S.C. § 203(s)(1).

Enterprise coverage exists if the employee is "employed in an enterprise engaged in commerce or in the production of goods for commerce." *Id.* (internal quotation marks and citations omitted), 29 U.S.C. 203(s)(1). Commerce is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." *Id.* (internal quotation marks and citations omitted). Plaintiff's allegation regarding "affect[ing] interstate commerce" is conclusory, and the Court is not convinced that is enough to establish coverage. *See First Home Bank v. Ekla Home, Inc.*, 2018 WL 8221830, at *1

(M.D. Fla. Jul. 3, 2018) ("The Court accepts as true all well-pleaded factual allegations. . . [h]owever, the Court does not accept as true conclusory legal allegations.") (citations omitted); *see also Lopez v. City Buffet*, 2020 WL 10354012, at *3 (M.D. Fla. Oct. 28, 2020 (finding that without factual support for conclusory allegations, a plaintiff failed to establish enterprise coverage); *Crossley v. Armstrong Homes, Inc.*, 2015 WL 2238347, at *4 (M.D. Fla. May 12, 2015) (finding that a plaintiff did not establish enterprise coverage because he failed to allege how the defendants' businesses were tied to interstate commerce); *Perez v. Muab, Inc.*, 2011 WL 845818, at *2 (S.D. Fla. Mar. 7, 2011) (concluding that the plaintiff's conclusory allegations regarding enterprise coverage were insufficient to state a claim for relief under the FLSA); *Ullom v. Bill Perry & Assocs.*, 2020 WL 738969, at *3 (M.D. Fla. Dec. 11, 2020) ("The [c]ourt has nothing besides [the plaintiff's] conclusory allegations that [the defendant] is subject to FLSA coverage because its employees used some unspecified supplies that traveled in interstate commerce.").

Also, Plaintiff's generalized statement regarding interstate commerce seems to conflict with the other allegations in the Complaint. Namely, all of Plaintiff's allegations regarding Defendant's business relate to security services that appear to be exclusively within the state of Florida. Plaintiff specifically pleads that Defendant provided full-time security services at several COVID testing sites within Miami-Dade County, Florida. Doc. 1 at 5. Plaintiff alleges that Defendant had an agreement with that county to provide security services at numerous cites including the Tropical Park and Zoo Miami. *Id*. Plaintiff claims that as part of security services, "Defendant would hire security guards, such as Plaintiff, to provide these services throughout the duration of Defendant's agreement with Miami-Dade County, Florida; i.e., Defendant employed people like Plaintiff to ensure that there was 24/7 security coverage at Tropical Park and/or Zoo Miami." Doc. 1 at 5.

Based on the foregoing, the Court is not convinced—especially with no analysis in the Motion—that the well-pled facts in the Complaint satisfy enterprise coverage. Indeed, some courts that have addressed security services in the context of the FLSA have found that the business does not fall within the parameters of the FLSA. *See Rivera v. Deer Run Realty & Mgmt.*, 2015 WL 4878681, at *2 (M.D. Fla. July 30, 2015), *report and recommendation adopted by*, 2015 WL 4878681 (M.D. Fla. Aug. 14, 2015) ("Moreover, security guard services wholly within the state of Florida have generally been held to be local in nature and outside the coverage of the FLSA.") (collecting cases).[1]

In sum, Plaintiff does not include a sufficient analysis in the Motion to establish that default judgment on FLSA liability is appropriate. To be clear, it may be that the allegations are well-pled under the FLSA, but the Court is not satisfied that Plaintiff has adequately discussed coverage or how the allegations satisfy that element.

Second, the Motion is insufficient because Plaintiff provides no authority in support of his position that the Court should grant default judgment on liability but allow the case to proceed on class certification and damages. Instead, Plaintiff advises the Court that he will file a separate motion for class certification upon entry of default judgment and claims that it is not possible to determine damages because of the outstanding class certification issue. But the Court questions the propriety of that course of action at a stage when no opt-in plaintiffs have joined the action and Plaintiff has not yet moved for conditional certification.

"In FLSA collective action cases, courts have expressed concern about whether opt-in plaintiffs are entitled to default judgment based on a complaint in which they are not named, but

---

[1] The Court recognizes that some of the analysis of the security guard cases might be limited to individual coverage. Even so, with nothing more than conclusory statements regarding commerce, the Court is not inclined to enter default judgment.

wherein the intent to proceed as a collective action is clear." *Rodney v. Dig. Media, Inc.*, 2019 WL 5106277, at *7-8 (N.D. Ga. Sept. 11, 2019). As one court in this District noted, "[c]ourts faced with this situation have gone one of two ways: (1) enter a default judgment on behalf of the named plaintiff only, or (2) deny or defer ruling on the motion for default judgment until the complaint is amended to include the opt-in plaintiffs and served on the defendants." *Ullmon*, 2020 WL 7318969, at *2.

And, as in the instant case, where no opt-in plaintiffs have consented and Plaintiff has not yet moved for conditional certification, it seems dismissal of the claims brought on behalf of others similarly situated may be appropriate. *See Girke v. Camillo Home Builders of Orlando, LLC*, 2008 WL 2008 WL 2700014, at *1, n.1 (M.D. Fla. June 18, 2008) (granting default judgment in FLSA case to named plaintiff only but dismissing collection action allegations upon the named plaintiff's request as no other persons elected to join the case as putative plaintiffs); *Ramirez v. Raptor Tech. Group, Inc.*, 2012 WL 2589256, at *1, n.1 (M.D. Fla. June 8, 2012), *report and recommendation adopted by*, 2012 WL 2586220 (July 3, 2012) (granting default judgment in FLSA action in favor of the named plaintiff where a plaintiff filed her complaint on her own behalf and on behalf of those similarly situated but no individuals opted into the action).

With no analysis or legal memorandum supporting Plaintiff's request for default on behalf of others at this juncture[2] or Plaintiff's plan to move forward with certification with apparently no amendment to the Complaint or service, the Court finds the Motion to be deficient.

Based on the foregoing, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 29) is **DENIED without prejudice**; and

---

[2] Plaintiff states that he is "seeking relief, not only for himself, but also on behalf of those similarly situated herein, and thus, only seeks the entry of default judgment as to liability only as it is currently unknown as to the full amount of damages." Doc. 29 at 4-5.

2. **on or before May 14, 2024**, Plaintiff may file a motion for default judgment in accordance with this Order and the Local Rules.

**Failure to file the motion to default judgment within the allotted time may result in the dismissal of this action for failure to prosecute without further notice.**

**DONE AND ORDERED** in Orlando, Florida on April 30, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties