**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RAYNARD PASTEUR,**

       **Plaintiff,**

v.                                                      Case No: 6:23-cv-1479-CEM-DCI

**ARC ONE PROTECTIVE SERVICES LLC,**

       **Defendant.**

---

**REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Renewed Motion for Default Judgment by the Court Against Defendant, Arc on Protective Services LLC, as to Liability Only (Doc. 31)** |
| **FILED:** | May 14, 2024 |
| **MOTION:** | **Plaintiff's Motion for Conditional Certification of This Case as a Class Action (Doc. 32)** |
| **FILED:** | June 28, 2024 |

**THEREON** it is **RECOMMENDED** that the motions be **DENIED without** prejudice.

Raynard Pasteur (Plaintiff), individually and on behalf of similarly situated persons, attempts to bring this class action pursuant to Federal Rule of Civil Procedure 23 (Rule 23) against Arc One Protective Services, LLC (Defendant). Doc. 1 (the Complaint). Plaintiff alleges that

Defendant failed to pay overtime wages in violation of the Fair Labor Standards Act (FLSA). *Id*. Pending before the Court is Plaintiff's Renewed Motion for Default Judgment. Doc. 31 (the Motion). For the reasons stated in the Report, the undersigned recommends that the Motion be denied without prejudice.

## I. Background

Plaintiff initiated this case against Defendant pursuant to the FLSA, as amended 29 U.S.C. § 216(b). Doc. 1. Defendant did not respond to the Complaint, and the Court subsequently granted Plaintiff's Renewed Motion for Clerk's Entry of Default. Docs. 23-25. Plaintiff then moved for entry of default judgment, requesting that the Court grant default judgment on liability only and proceed on class certification and damages. Doc. 29. Thereafter, the Court denied the motion without prejudice. Doc. 30. (the Order). In the Order, the Court identified two fatal flaws: (1) Plaintiff failed to adequately address FLSA coverage and (2) Plaintiff lacked legal authority supporting his position for default judgment, especially when no plaintiffs had opted in. *Id*. Thus, the Court directed Plaintiff to resolve these deficiencies. *Id*.

Plaintiff then filed the instant Motion. Doc. 31. In the Motion, Plaintiff reaffirms his request for the Court to limit any default judgment to the sole issue of liability and proceed afterward on class certification and on damage awards. *Id*. In the alternative, Plaintiff requests the Court defer ruling on default judgment until after determining Plaintiff's motion for conditional certification. *Id*.

## II. Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

party's default." Fed. R. Civ. P. 55(a). Once a Clerk's default has been entered, a plaintiff may apply for a default judgment to either the Clerk or the Court. Fed. R. Civ. P. 55(b).

"[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (internal alteration and quotation omitted). Thus, default judgment is only warranted when "(1) [the Court] has jurisdiction over the claims and (2) the complaint is well-pleaded." *First Home Bank v. Ekla Home, Inc.*, 2018 WL 8221830, at *1 (M.D. Fla. 2018) (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## III.  Discussion

Plaintiff seeks judgment on a complaint that is insufficient to assert subject matter jurisdiction and contains legally incorrect allegations. Furthermore, Plaintiff seeks judgment for persons who have not opted in, in contravention of § 216(b). Accordingly, the undersigned recommends that the Court deny the Motion without prejudice.

### A. Plaintiff Has Not Established That He Is a Covered Employee Under the FLSA.

To be eligible for overtime wages under the FLSA, an employee must demonstrate that he or she is covered by the FLSA. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). An employee may establish coverage by demonstrating: (1) that he or she was engaged in commerce or in the production of goods for commerce (i.e., individual coverage); or (2) that the employer was engaged in commerce or in the production of goods for commerce (i.e., enterprise coverage). 29 U.S.C. § 207(a)(1); *Josendis*, 662 F.3d at 1298-99. Commerce is

defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." Id. (internal quotation marks and citations omitted). 29 U.S.C. § 203(s)(1). Thus, an FLSA claim "requires a nexus with interstate commerce that can be met either by individual coverage of the employee at issue or enterprise coverage of the employer." *Crossley v. Armstrong Homes, Inc.*, 2015 WL 2238347, at *8 (M.D. Fla. May 12, 2015).

In the instant case, Plaintiff relies on enterprise coverage to pursue his FLSA claim by alleging in the Complaint that Defendant's "business operations substantially affect interstate commerce." Doc. 1 at 7-8. Because Plaintiff does not provide any factual content in the Complaint to support this conclusory legal statement, Plaintiff fails to establish enterprise coverage. Thus, subject matter jurisdiction is still at issue because Plaintiff has yet to establish that he is a covered employee under the FLSA. Moreover, Plaintiff's attempt to bolster his enterprise coverage allegation with additional facts in the Motion is not permitted. *See Tidwell v. Southern Petro Holding LLC*, 2019 WL 2173838, n.1 (M.D. Fla. May 20, 2019 ("[T]he Court may not look to evidence extraneous to the allegations of the complaint in determining liability because a defendant admits only the well-pleaded facts in the complaint when a default is entered against it.").

Even if the Court could supplement the otherwise deficient Complaint with assertions in the Motion, the additional facts that Plaintiff asserts in the Motion still fall short of establishing enterprise coverage. In the Motion, Plaintiff attempts to establish enterprise coverage by asserting that "Defendant engaged in interstate commerce by servicing both Florida and Texas – is licensed and insured in both states – thereby satisfying the enterprise coverage element." Doc. 31 at 6. This is insufficient. At best, Plaintiff's assertion merely establishes that Defendant was engaged in *intra*state commerce in two states; it fails to sufficiently allege that Defendant was engaged in

*inter*state commerce—again, the conclusory allegation (stated indefinitely in the past tense, no less) that "Defendant engaged in interstate commerce" is insufficient. Because Plaintiff has only set forth facts to establish Defendant operated in Florida and Texas and not between or among Florida and Texas, the Motion's additional facts—even if the Court did consider them—do not establish enterprise coverage.

Therefore, Plaintiff has not sufficiently alleged that this Court has subject matter jurisdiction because he has not adequately pleaded that he is an FLSA-covered employee. Accordingly, the undersigned recommends that the Motion be denied and Plaintiff be directed to amend his Complaint to adequately address enterprise coverage.

### B. Plaintiff Cannot Use Rule 23 to Pursue a FLSA Collective Action.

If an action is brought under a statute that provides for a different mechanism for obtaining multi-party relief, the use of Rule 23 is improper to the extent it is inconsistent with the statute. *See generally La Chapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975).[1] In FLSA suits, "[i]t is crystal clear that [§] 216(b) precludes . . . Rule 23 class actions" because of the "fundamental, irreconcilable difference" between the two mechanisms.[2] *Id.*; *see generally Cameron-Grant v. Maxim Healthcare Servs.*, 347 F.3d 1240, 1247-49 (11th Cir. 2003); *see also Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, n.1 (2012) ("[T]here are significant differences between certification under [Rule 23] and the joinder process under § 216(b)"); *see also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096, n.12 (11th Cir. 1996) ("[I]t is clear that the

---

[1] Decisions in the Fifth Circuit entered before October 1, 1981 are binding on the courts of the Eleventh Circuit pursuant to *Bonner v. City of Prichard*, 661 F. 2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] 29 U.S.C § 216(b) provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

requirements for pursuing a § 216(b) class action are independent of, and unrelated to, the requirements for class action under Rule 23.").

In the Complaint, Plaintiff brings an FLSA action and seeks relief on behalf of himself and others similarly situated; however, Plaintiff improperly relies on Rule 23 to pursue his collective action claim. Doc. 1 at 1-4. Thus, Plaintiff uses the wrong mechanism in his Complaint to bring his collective action. Because Rule 23 is inappropriate in the FLSA context, notice to Defendant of a properly pleaded collective action is still at issue.

### C. Plaintiff Cannot Obtain Judgment for Plaintiffs Who Have Not Opted-In.

"[I]n contrast to Rule 23 class actions, the existence of a collective action under § 216(b) does depend on the active participation of other plaintiffs." *Cameron-Grant*, 347 F.3d at 1249. Thus, "[i]n FLSA collective action cases, courts have expressed concern about whether opt-in plaintiffs are entitled to default judgment based on a complaint in which they are not named wherein the intent to proceed as a collective action is clear." *Rodney v. Dig. Media, Inc.*, 2019 WL 5106277, at *3 (N.D. Ga. Sept. 11, 2019). "Courts faced with this situation have gone one of two ways: (1) enter a default judgment on behalf of the named plaintiff only, or (2) deny or defer ruling on the motion for default judgment until the complaint is amended to include the opt-in plaintiffs and served on the defendants." *Ullom v. Bill Perry & Assocs. (Ullom I)*, 2020 WL 7318969, at *2 (M.D. Fla. Dec. 11, 2020).[3]

---

[3] In either scenario, those not named in the complaint do not enjoy the benefit of nor are bound by the constraints of a judgment pursuant to § 216(b). *See Cameron-Grant v. Maxim Healthcare Servs.*, 347 F.3d at 1249 ("Under § 216(b), the action does not become a 'collective' action unless other plaintiffs affirmatively opt into the class by giving written and filed consent. Until such consent is given, 'no person will be bound by or may benefit from judgment.'" (quoting *La Chapelle*, 513 F.2d at 288)).

Upon careful review of this district's jurisprudence, the undersigned notes that courts only tend to implement option one (entering a default judgment on behalf of the named plaintiff only) upon the named plaintiff's request. *See Ramirez v. Raptor Tech. Group, Inc.*, 2012 WL 2589256, at *1, n.1 (M.D. Fla. June 8, 2012), *report and recommendation adopted,* 2012 WL 2586220 (M.D. Fla. July 3, 2012) (granting default judgment to the named plaintiff where plaintiff filed her complaint "on behalf of others similarly situated," but no individuals had opted in and plaintiff moved for default judgment on behalf of herself); *see also Girke v. Camillo Home Builders of Orlando, LLC*, 2008 WL 2700014, at *1, n.1 (M.D. Fla. June 8, 2012) (granting default judgment to the named plaintiff only and dismissing collective action allegations upon the named plaintiff's request).

Otherwise, courts tend towards option two, directing the plaintiff to amend his complaint to fix any uncertainties. *See Kravits v. Carpet-Mills of Am.-Florida, Inc.*, 2007 WL 1521622, at *1 (M.D. Fla. May 23, 2007) ("Because the motion [for default judgment] addressed only Kravitz's claims, I entered a supplemental briefing order requiring Kravitz to address whether the collective action allegations should be dismissed, and the issue of default judgment resolved only insofar as it relates to his claims. Kravitz responded that he 'would seek to continue the collective action proceedings . . . to the extent that . . . potential opt-in Plaintiffs . . . have already retained' Kravitz's counsel. Based on this request, I denied the motion for default judgment without prejudice and directed Kravitz to file a motion to add any individuals who had indicated a desire to join the case.").

Based on the circumstances of this case, the undersigned finds *Ullom I* particularly instructive. In *Ullom I*, the named plaintiff, also a security guard seeking unpaid overtime wages under FLSA, moved for default judgment on behalf of himself and others similarly situated but

failed to show that any similarly situated individuals had opted in to the matter. 2020 WL 7318969, at *2. Because "it was unclear whom the default judgment should be entered on behalf of," the *Ullom I* court denied default judgment without prejudice, allowing the plaintiff to renew after he either amended his complaint to include any known opt-in parties or he moved for conditional certification with an appropriate level of evidentiary support. *Id*. There, the plaintiff decided to drop the collective action allegations in his amended complaint and was ultimately granted default judgment on his individual claims. *Ullom v. Bill Perry & Assocs. (Ullom II)*, 2020 WL 2153995, at *2, *4 (M.D. Fla. May 26, 2021), *report and recommendation adopted*, 2021 WL 2401934 (M.D. Fla. June 11, 2021).

In light of this district's jurisprudence, particularly *Ullom I*, the undersigned finds option two the appropriate course of action. Accordingly, the undersigned recommends that the Motion be denied and Plaintiff be directed to amend his complaint to either include the opt-in plaintiffs or drop the collective action allegations.[4]

Lastly, the undersigned notes that Plaintiff's argument with respect to unliquidated damages is beside the point. The issues discussed regarding inadequate factual content and legally incorrect procedural mechanisms predominate any discussion about damages. Plaintiff first must establish a sufficient claim upon which relief can be granted before the undersigned can classify said relief.

### IV. The Motion for Class Certification

While the foregoing Motion for Default Judgment remained pending, Plaintiff filed a Motion for Conditional Certification of This Case as a Class Action. Doc. 32. The Motion is due

---

[4] This outcome is also consistent with Congress's intent to give an individual suing under § 216(b) "the opportunity to proceed collectively" if he or she so chooses. *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 170 (1989).

to be denied without prejudice because the multi-part document violates the requirement of Local Rule 3.01(a) that, "A motion must include — in a single document no longer than twenty-five pages inclusive of all parts — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request."

Regardless, given the undersigned's recommendation that the pleading must be amended, the Motion for Conditional Certification is premature. While the Court notes that the newly filed Motion removes any mention of Rule 23, the fact remains that the Complaint is improperly grounded in Rule 23 as already discussed. And the jurisdictional and pleading issues identified in the Report remain. As such, the undersigned recommends that the Motion for Class certification be denied without prejudice at this stage.

### V. Conclusion

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's Renewed Motion for Default Judgment (Doc. 31) be **DENIED without prejudice**;

2. Plaintiff's Motion for Conditional Certification of This Case as a Class Action (Doc. 32) be **DENIED without prejudice**; and

3. if the Court adopts the undersigned's recommendation, then the undersigned recommends that the Court give Plaintiff leave to amend his complaint within 14 days of any order hereon to remedy the deficiencies noted by the Court.[5]

---

[5] Without seeing the amended pleading, the undersigned expresses no opinion at this stage as to whether service of the amended pleading pursuant to Rule 4 is required prior to obtaining any further relief in this case, though the undersigned notes that appropriate service would eliminate the necessity of any further briefing on whether service is necessary.

**NOTICE TO PARTIES**

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1)(C).  A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on July 22, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE