UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAYNARD PASTEUR,

      Plaintiff,

v.                            Case No: 6:23-cv-1479-CEM-DCI

ARC ONE PROTECTIVE SERVICES LLC,

      Defendant.

**ORDER**

Raynard Pasteur (Plaintiff) brings this case against Arc One Protective Services, LLC (Defendant) pursuant to the Fair Labor Standards Act (FLSA). Doc. 34 (the Amended Complaint). Defendant did not file an answer or response to the Amended Complaint, and the Clerk, at the direction of the Court, entered default pursuant to Federal Rule of Civil Procedure Rule 55(a). Docs. 36 to 38. Pending before the Court is Plaintiff's Third Motion for Default Judgment under Rule 55(b)(2). Doc. 39 (the Motion). The Motion is due to be denied.

**I.    Background and Procedural History**

Plaintiff has been litigating the matter of Defendant's default for over a year. Plaintiff brought the original Complaint on behalf of himself and similarly situated persons pursuant to Federal Rule of Civil Procedure 23. Doc. 1 (the Original Complaint). After the Court denied Plaintiff's initial request for Clerk's entry of default, the Court granted Plaintiff's renewed request. Docs. 21 to 25. Plaintiff then moved for the Court to enter default judgment on liability only and to proceed on class certification and damages. Doc. 29. The Court denied the request without prejudice because it was insufficiently briefed. Doc. 30. Plaintiff filed another motion for default judgment and reasserted his request for the Court to limit default judgment to the issue of liability

but allow the class certification issue to go forward. Doc. 31. Alternatively, Plaintiff requested that the Court defer ruling on default judgment until after determining Plaintiff's motion for conditional certification. *Id*. The undersigned recommended that the motion be denied because Plaintiff failed to establish that he is a covered employee under the FLSA; that he could utilize Rule 23 to pursue a FLSA collective action; and that he may obtain judgment for plaintiffs who have not opted-in. Doc. 33. The undersigned also recommended that Plaintiff's pending motion for conditional certification of this case as a class action be denied. *Id*. The Court adopted the recommendation and permitted Plaintiff to file an amended pleading. Doc. 35.

Plaintiff filed the Amended Complaint with no response from Defendant. Docs. 34. The Clerk has entered default, and Plaintiff has filed his latest request for default judgment. Docs. 38, 39. Plaintiff has still not established FLSA coverage.

**II.  Law**

**A. Standard**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once a Clerk's default has been entered, a plaintiff may apply for a default judgment to either the Clerk or the Court. Fed. R. Civ. P. 55(b).

Before granting such a motion, the courts must "ensure that it has jurisdiction over the claims and parties." *Sec. and Exch. Comm'n v. Martin*, 2019 WL 1649948, at *2 (M.D. Fla. Apr. 1, 2019), *report and recommendation adopted*, 2019 WL 1643203 (M.D. Fla. Apr. 16, 2019); *see also Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) ("[W]hen entry of judgment is sought against a party who has failed to plead or otherwise

defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.]") (quotation omitted).

Once jurisdiction is established, the Court may enter default judgment if "there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The showing required in this context "is similar to the factual showing necessary to survive a motion to dismiss for failure to state a claim." *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (citing *Surtain*, 789 F.3d at 1245); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). Thus, a court looks to see whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). However, "while a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (internal alteration and quotation omitted).

### B. FLSA Coverage

To be eligible for overtime wages under the FLSA, an employee must demonstrate that he or she is covered by the FLSA. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). An employee may establish coverage by demonstrating: (1) that he or she was engaged in commerce or in the production of goods for commerce (i.e., individual coverage); or (2) that the employer was engaged in commerce or in the production of goods for commerce

(i.e., enterprise coverage). 29 U.S.C. § 207(a)(1); *Josendis*, 662 F.3d at 1298-99. Commerce is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." *Id*. (internal quotation marks and citations omitted). 29 U.S.C. § 203(s)(1). Thus, a FLSA claim "requires a nexus with interstate commerce that can be met either by individual coverage of the employee at issue or enterprise coverage of the employer." *Crossley v. Armstrong Homes, Inc.*, 2015 WL 2238347, at *3 (M.D. Fla. May 12, 2015) (citing *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006)).

> To demonstrate enterprise coverage, the employee must show that:
>
> (1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; **and**
>
> (2) the employer's annual gross volume of sales is $500,000 or more.

*De Lotta v. Dezenzo's Italian Restaurant*, 2009 WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009 (citations omitted, emphasis added).

An employee qualifies for individual coverage under the FLSA if he regularly and "directly participate[es] in the actual movement of persons or things in interstate commerce[.]" *Thorne*, 448 F.3d at 1266. To determine if an employee performed work establishing individual coverage, a court focuses on the employee's activities. *Mitchell v. Lublin McGaughy & Assoc.*, 358 U.S. 207, 211 (1959). An employee is engaged in commerce if his activities "are actually in or so closely related to the movement of the commerce as to be a part of it." *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943).

### III. Discussion

Even though the Amended Complaint is the operative pleading, the Court will briefly discuss Plaintiff's previous attempt at establishing FLSA coverage in the Original Complaint. As stated in the July 22, 2024 Report and Recommendation, Plaintiff relied on enterprise coverage to pursue his FLSA claim by alleging that Defendant's "business operations substantially affect interstate commerce." Doc. 33 (citing Doc. 1 at 7 to 8). Because Plaintiff did not provide factual allegations to support this legal conclusion, the undersigned found that Plaintiff did not establish enterprise coverage and subject matter jurisdiction remained in question. *Id*. The undersigned also noted that Plaintiff's attempt to bolster the enterprise coverage allegation with additional factual assertions in the motion for default judgment was not permitted and the supplemental information was otherwise deficient even if considered. *Id*. Specifically, the undersigned found that Plaintiff attempted to establish coverage by asserting that "Defendant engaged in interstate commerce by servicing both Florida and Texas – is licensed and insured in both states – thereby satisfying the enterprise coverage element." Doc. 33 at 4, citing Doc. 31 at 6. The undersigned found that this allegation was insufficient because it merely asserted that Defendant was engaged in *intrastate* commerce. *Id*.

In the Amended Complaint, Plaintiff now reasserts that enterprise coverage exists and adds that individual coverage also applies. Doc. 34.[1] Plaintiff, however, has still not sufficiently briefed the issue of FLSA coverage for the Court. It is Plaintiff's burden to address the elements of the causes of action and the specific, well-pled facts in the operative complaint that satisfy each of those elements. Instead of doing so, Plaintiff summarily concludes that the Amended Complaint

---

[1] Curiously, in the amended pleading, Plaintiff decided not to include the previous factual allegations regarding Defendant's connection to Texas.

contains well-pled allegations regarding enterprise and individual coverage. Doc. 39 at 9. Plaintiff refers the Court to some allegations from the Amended Complaint but does not specify how those facts relate to either individual or enterprise coverage or both. It is not the Court's role to piece together which of the allegations in the Amended Complaint satisfy FLSA coverage. *See United States ex. rel. Phoenix Metals Co. v. Worthfab, LLC*, 2020 U.S. Dist. LEXIS 118796, at *2 (M.D. Fla. July 7, 2020) (denying without prejudice a motion for default judgment because the plaintiff did not discuss the elements for each claim, provide citations to authority as to these elements, or support each element by pinpoint citation to the factual allegations in the complaint); *Gonopolsky v. Korchak*, 2007 WL 1549429, at *3 (M.D. Fla. May 25, 2007) (finding that a motion for default judgment was insufficient because there was no discussion of the elements of each cause of action and how the allegations of the complaint, taken as true, satisfy the elements).

Assuming *arguendo* Plaintiff did explain how each fact relates to enterprise or individual coverage, it appears the Motion would still be deficient. Although not clear, it seems the only allegation Plaintiff points to with respect to enterprise coverage is that Defendant has an annual dollar volume of sales in excess of $500,000.00. *See id*. at 9. But that sole allegation—29 U.S.C. § 203(s)(1)(A) is written in the conjunctive—does not address the commerce element. For that reason alone, the Motion as it relates to enterprise coverage fails.

But even looking beyond the Motion to the pleading, the Court cannot decide the issue in Plaintiff's favor. First, Plaintiff alleges that "Defendant employs and/or otherwise provides private security across multiples [sic] states and its business operations substantially affect interstate commerce." Doc. 34 at 5. Such a general allegations is insufficient. *See Beverly v. Jam Elec., LLC*, 2024 WL 1885696, at *4 (M.D. Fla. Apr. 29, 2024) (finding that boilerplate allegations are not enough to satisfy FLSA coverage) (citing *Harding-Bey v. Pathways Therapy Servs. LLC*, 2021

WL 1894603, at *3 (M.D. Fla. Apr. 20, 2021) *report and recommendation adopted by*, 2021 WL 1893968, at *1 (May 11, 2021) (finding similar boilerplate allegation failed to demonstrate FLSA coverage on motion for default judgment)).

And with only this vague reference to multi-state activity, the Court is concerned that enterprise coverage is not present. As one Court explained, "[a] security business, in and of itself, is not necessarily the kind of business that engages in interstate commerce." *Paul v. Sentinel Prot., LLC*, 2023 WL 9228295, at *2 (S.D. Fla. June 27, 2023), *report and recommendation adopted by*, 2023 WL 9228299 (S.D. Fla. July 12, 2023) (citing *Rivera v. Deer Run Realty & Mgmt. Inc.*, 2015 WL 4878681, at *7 (M.D. Fla. Aug. 14, 2015) ("[S]ecurity guard services wholly within the state of Florida have generally been held to be local in nature and outside the coverage of the FLSA."); *see also Paris v. Prot. Consultants, Inc.*, 2009 WL 3817605, at *2 (M.D. Fla. Nov. 16, 2009) ("The mere providing of security guard services wholly within the state is not an activity constituting interstate commerce for FLSA purposes.").

The only specific allegations regarding the nature of **Defendant's** business other than its estimated annual revenue and dollar volume sales are that (1) Defendant provided full-time security services at Covid testing sites within Miami-Dade, Florida; (2) Defendant entered into an agreement with Miami-Dade County, Florida to provide the security; and (3) "Defendant would hire security guards, such as Plaintiff, to provide these services throughout the duration of Defendant's agreement with Miami-Dade County, Florida; and Plaintiff worked at the testing sites within Florida." Doc. 34 at 2, 4. Based on the foregoing, it seems Defendant's business was confined to Florida—Plaintiff did not include any allegation within the amended pleading regarding the Texas connection—and the bare bones reference to "multiple states" does not convince the Court otherwise. *See Maceda v. City Watch Protective Servs. Inc.*, 2019 WL

1385087, at *2 (S.D. Fla. Mar. 27, 2019) (finding a "fact-free recitation of select elements of enterprise coverage does not satisfy Rule 8.").

Second, Plaintiff alleges elsewhere in the Amended Complaint that Defendant employed him to perform security services at Covid testing sites and "the Covid vaccines that were administered at the various testing locations were produced in states outside of Florida and transported by and across several states into Florida." Doc. 34 at 4.  It is not clear the significance of this allegation, but to the extent Plaintiff claims enterprise coverage through a third-party's interstate activity the Court is not satisfied that the FLSA applies.  "Providing security for a third-party engaged in interstate commerce is insufficient on its own to establish enterprise coverage." *Paul*, 2023 WL 9228295, at *2.  And since Plaintiff does not provide an analysis in the Motion with citation to authority related to the third-party theory,[2] the Court finds that Plaintiff has not met his burden.

Also, Plaintiff does not adequately address individual coverage.  Again, the Motion is due to be denied because Plaintiff does not explain how the allegations relate to individual coverage. But even assuming Plaintiff's discussion of his performance of duties as a security guard at the Covid testing sites pertains to individual coverage, Plaintiff still fails to provide any authority to support his position. *See* Doc. 39 at 9.  "The question of whether a security guard is individually covered by the FLSA's overtime provision is fact-specific, and different courts have reached different outcomes." *Ullom v. Bill Perry & Assocs.*, 2020 WL 7318969, at *3 (M.D. Fla. Dec. 11, 2020) (collecting cases).  With no application of the relevant law to the facts, the Court is not convinced that Plaintiff's third-party theory can be used to establish individual coverage.

---

[2] It appears that the third party is either the Covid vaccine companies or Miami-Dade county. *See* Doc. 34 at 2, 4.

Further, as with enterprise coverage, the Amended Complaint itself does not provide additional guidance on whether individual coverage exists. Plaintiff alleges that "persons, such as security guards, who perform duties that are closely related to, and thus, directly essential to such interstate activities are covered persons under the FLSA." Doc. 34 at 5. Plaintiff cites to a Department of Labor Fact Sheet in support of this statement. *Id*. (citing *Fact Sheet #27: New Businesses Under the Fair Labor Standards Act (FLSA)*, U.S. Dep't of Labor, https://www.dol.gov/agencies/whd/fact-sheets/27-flsa-new-businesses (last revised July 2008)). If a court should consider such a Fact Sheet binding or persuasive authority, Plaintiff cites to no legal authority that stands for that proposition. In sum, Plaintiff is not entitled to relief because he has not satisfied his burden.

Based on the foregoing, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 39) is **DENIED without prejudice**; and
2. **on or before February 19, 2024**, Plaintiff may file a motion for default judgment in accordance with this Order and the Local Rules.

**Failure to file the motion for default judgment within the allotted time may result in the dismissal of this action without further notice for failure to prosecute.**

**ORDERED** in Orlando, Florida on February 7, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties